Kenneth E. Keller (SBN 71450)
Christopher T. Holland (SBN 164053)
Karen M. Burton (SBN 184239)
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Street, 7th Floor
San Francisco, CA  94104
Telephone:  (415) 249-8330
Facsimile:  (415) 249-8333

Attorneys for Defendant
ADOBE SYSTEMS INCORPORATED


Charles J. Ferrera (SBN 99656)
Attorney at Law
Dillingham Transportation Building
735 Bishop Street, Suite 401
Honolulu, Hawaii 96813
Telephone No.:  (808) 599-5220

Attorney for Plaintiff
BROOKHAVEN TYPESETTING
SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROOKHAVEN TYPESETTING SERVICES, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>ADOBE SYSTEMS INCORPORATED,<br><br>  Defendant. | Case No.: C-01-20813-RMW (E-File)<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:        April 26, 2002<br>Time:       10:30 a.m.<br>Judge:      Hon. Ronald M. Whyte<br>Courtroom:   6 |

1

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**
**Case No. C-01-20812 RMW (E-File)**

Plaintiff Brookhaven Typesetting Services, Inc. ("Brookhaven") and Defendant Adobe Systems Incorporated ("Adobe") hereby jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case. (Throughout this Statement, Plaintiff and Defendant are referred to collectively as "the Parties.")

**DESCRIPTION OF THE CASE**

**1.     Jurisdiction.**

Plaintiff contends this Court has federal question jurisdiction over this action pursuant to 17 U.S.C. § 501 *et seq.*, 28 U.S.C. §§ 1331, 1338(a), and 1338(b).  As set forth in its Motion to Dismiss, Adobe contends there is no present claim or controversy ripe for review and thus "jurisdiction" is technically lacking.  If the Court's resolution of that Rule 12(b)(6) Motion is against Adobe, however, Adobe does not intend to contest the Court's personal jurisdiction over it in this action.

**2.     Brief Description of the Claims and Defenses in this Action.**

The Parties dispute many of the facts and events underlying this action.  The Parties' separate descriptions of the case are outlined below.

**A.     Brookhaven's Allegations.**

In or about 1970, James R. Roesser ("Roesser") and Roger W. Jones ("Jones") began the development of a software program for the typesetting of mathematical and other technical textbooks, journals and other publications.  This program was later named "K2" (the "Program" or "K2").  From 1972 through 1995, STI, Roesser and Jones continuously updated and developed the Program, adding tabular, page-layout and chemistry capabilities to the Program. Brookhaven alleges that the source code comprising the Program is an original work of authorship fixed in a tangible medium of expression, and that the source code contains a substantial amount of material created by Roesser's and Jones' skill, labor and judgment.  The source code comprising the Program contains valuable trade secrets.

Brookhaven alleges that the Program is copyrightable, and that on the date of first publication of the information identified in the Complaint, Roesser and Jones were United States

Citizens.  Brookhaven further alleges that Roesser, Jones and Brookhaven have complied with the statutory formalities for registration of copyright with respect to the Program.  Brookhaven filed an application for a copyright with the United States Copyright Office, which application was accepted by the United States Copyright Office.   Brookhaven alleges that it is the legal owner of the copyright.

In 1996, Roesser and Jones transferred all rights in and to the Program to Brookhaven for consideration.  Throughout the Program's existence, Roesser, Jones, STI and Brookhaven have made all reasonable attempts to protect the trade secrets of the Program including entering into non-disclosure agreements, limiting access to the source code of the Program and requiring confidentiality agreements. Brookhaven alleges that the Program developed by Roesser and Jones contains unique capabilities in the areas of technical typesetting, page layout, and style that are not obvious or readily ascertainable.  Brookhaven contends that STI derived, and Brookhaven derives both actual and potential independent economic value from the trade secrets not being generally known to, and not readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

In 1994, Roesser provided the source code to the Program to Aldus Corporation ("Aldus"), Adobe's predecessor pursuant to a non-disclosure agreement, as part of a negotiation to sell or license the Program to Aldus.  Subsequent discussions took place but no sale or license occurred because at about this time, Adobe purchased Aldus.  Aldus never returned the source code.

In or about 1998, Adobe announced that it was developing a program code-named "K2."  According to Adobe, the development of the program was begun in 1994 in Seattle by former Aldus employees.  The capabilities Adobe described for its "K2" are remarkably similar to the capabilities of the Program shown to Aldus by Roesser in 1994.  In March 1999, Adobe previewed its version of "K2", now known as InDesign, at a Seybold conference.  In or about August 1999, Adobe released InDesign 1.0.  Adobe has since released two additional versions of InDesign.

Brookhaven alleges that Aldus employees acquired and became intimately familiar with the Program's highly confidential information and trade secrets pursuant to a confidential relationship that required Aldus, and its successor Adobe, to maintain the confidentiality of the Program's trade secrets. Brookhaven further alleges, on information and belief, that Aldus, and its successor Adobe were aware that the Program and its source code contained valuable trade secrets.

Brookhaven alleges that Adobe has infringed Brookhaven's copyright and misappropriated Brookhaven's trade secrets by copying the Program and incorporating the Program, or portions thereof, into Adobe's program, InDesign. Brookhaven further alleges that Adobe is currently using Brookhaven's copyrighted material and trade secrets in its InDesign program and to the detriment of Brookhaven. Brookhaven contends that it has pled and intends to prove the elements of copyright infringement and misappropriation of trade secret. Brookhaven alleges that public distribution or disclosure is not required to sustain a cause of action for infringement of copyright or misappropriation of trade secrets, and that mere "use" is enough. Brookhaven further alleges that the lack of a completed marketable product does not defeat Brookhaven's claim for copyright infringement.

Brookhaven contends that it is entitled to damages related to Adobe's profits and/or Brookhaven's loss of income, injunctive relief, and/or such other measure of damages as may be appropriate, including double damages.

### B. Adobe's Allegations.

Adobe contends that Brookhaven's suit lacks merit because Brookhaven fails to allege that Adobe is currently selling any product that includes Brookhaven's purported intellectual property. At most, Brookhaven contends that (1) Adobe purchased a company that once contemplated licensing STI's alleged "Program," and (2) unidentified future versions of Adobe's InDesign program might employ and disclose Brookhaven's alleged trade secrets and/or infringe Brookhaven's alleged copyright. Adobe has neither used any "improper means" to acquire nor

"copied" anything that is allegedly the intellectual property of Brookhaven. Because Adobe has not misappropriated any alleged trade secret or infringed any purported copyright, Adobe has not engaged in any unlawful or unfair competition. Furthermore, Adobe is not a party to any contract with Brookhaven.

Adobe further contends that the facts alleged by Brookhaven are insufficient to state any cause of action against Adobe, and that Brookhaven is not entitled to any award of monetary damages, injunctive relief, or attorney's fees. Substantively, Adobe disputes many of the facts recited above by Brookhaven, and expects to obtain evidence during discovery that demonstrates the inaccuracy of several of Brookhaven's assertions. Among other things, Adobe contends that the alleged source code in the "Program" is neither a protectable trade secret nor copyrightable subject matter, that the alleged source code was not disclosed in confidence to Aldus Corporation, and that Adobe did not assume Aldus Corporation's contractual obligations (if any), with respect to that information.

**3.  Principal Factual and Legal Issues in Dispute.**

A. Whether the information referred to in the Complaint constitutes a protectable trade secret.

B. Assuming the information referred to in the Complaint constitutes a protectable trade secret, whether Brookhaven and those in privity with Brookhaven have adequately preserved the confidentiality of the alleged trade secret.

C. Whether Brookhaven has any valid property interest in the alleged trade secret.

D. Whether Aldus Corporation is the real party in interest with respect to the conduct alleged regarding the alleged trade secret.

E. Whether Adobe had access to the information identified in the Complaint.

F. Whether Adobe appropriated any of Brookhaven's alleged trade secrets that are contained in the "Program."

G. Whether public distribution or disclosure of a trade secret is required to state a cause of action for trade secret misappropriation under California law.

H. Whether the information identified in the Complaint is sufficiently creative or original so as to qualify for copyright protection, and/or is protectable subject matter under the Federal Copyright Act.

I. If the source code identified in the Complaint is copyrightable, whether Brookhaven owns a valid and/or enforceable copyright in that source code.

J. Whether the respective works at issue are substantially similar.

K. Whether the similarities, if any, between Brookhaven's alleged work and that of Adobe's work relate to a protectable idea.

L. Whether Adobe's products were created independently from Brookhaven's alleged work.

M. Whether the lack of a completed marketable product defeats Brookhaven's claim for copyright infringement.

N. Whether public distribution or disclosure of copyrighted materials is required to state a cause of action for copyright infringement.

O. Whether Adobe infringed on Brookhaven's alleged copyright in the "Program," in any event.

P. Whether Adobe has made any unlawful use of any of the information referred to by Brookhaven in its Complaint.

Q. Whether the Uniform Trade Secrets Act (California Civil Code § 3426 *et seq.*) and/or the Federal Copyright Act (17 U.S.C. § 101 *et seq.*) preempts Brookhaven's unfair competition cause of action.

R. Whether Adobe has engaged in any unfair competition.

S. Whether a contract exists that creates a relationship between Brookhaven and Adobe.

T. If there is a contractual relationship between Adobe and Brookhaven, whether Adobe breached that contract.

U. Whether Brookhaven's claims are ripe for adjudication.

V.	Whether Brookhaven's Complaint states a claim upon which relief can be granted.

W.	Whether any statutes of limitation bar Brookhaven's claims.

X.	Whether Brookhaven's claims are barred by one or more of the limitations contained in 17 U.S.C. § 107 *et seq.*

Y.	Whether the doctrines of laches, unclean hands, waiver, and/or estoppel apply to the facts of this case.

Z.	Whether Brookhaven has sustained any damages as a result of Adobe's actions.

AA.	Whether the damages Brookhaven alleges are too remote and/or speculative to be awarded.

BB.	If Brookhaven has sustained damages, whether those damages are mitigated in whole or in part by the doctrine of innocent infringement and/or innocent intent.

CC.	If Brookhaven has sustained damages, whether those damages should be doubled.

DD.	If Brookhaven has suffered any injury, whether it could be adequately compensated in an action at law.

EE.	If Brookhaven has suffered any injury, whether Brookhaven is entitled to injunctive relief pursuant to California Civil Code § 3426.

FF.	Whether Adobe has been unjustly enriched as a result of the conduct alleged in the Complaint.

GG.	Whether Adobe's conduct was in good faith so as to preclude all claims for punitive or exemplary damages.

HH.	Whether Brookhaven is entitled to attorneys' fees.

**4.	Anticipated Motions.**

As indicated above, Adobe filed a Motion to Dismiss Brookhaven's Complaint on February 21, 2002, pursuant to Federal Rule of Civil Procedure 12(b)(6). Brookhaven filed its Opposition on March 7, 2002. Adobe's Reply was filed April 12, 2002. The Motion to Dismiss will be heard by this Court on April 26, 2002, the same day as the Initial Case Management

7

Conference.

The Parties presently disagree as to the scope and language of any confidentiality agreement that would govern discovery, but are attempting to resolve the issue informally without court intervention.

It is anticipated that Brookhaven and/or Adobe may file motions for summary adjudication and/or summary judgment.

**5.     Service of Process.**

Adobe was served with the Complaint on December 20, 2001. Adobe filed its Motion to Dismiss on February 21, 2002.

**6.     Additional Parties.**

The Parties do not anticipate the inclusion of additional parties in this action, but Adobe maintains that Aldus Corporation was the real party in interest to Brookhaven's allegations.

**7.     Consent to Magistrate.**

The Parties do not believe this case is suitable for reference to a Magistrate Judge for trial.

## ALTERNATIVE DISPUTE RESOLUTION

This action was automatically assigned to non-binding Arbitration. However, the Parties would prefer to be assigned to private mediation. The Parties anticipate exchanging proposed mediators and selecting a mutually agreeable mediator with appropriate intellectual property experience. The Parties have agreed to schedule such a mediation after Defendant's motion for summary judgment has been decided, and possibly after some limited discovery has occurred.

## DISCLOSURES AND DISCOVERY

The Parties have met and conferred by telephone several times, as required by Rule 26 of the Federal Rules of Civil Procedure and Local Rule 16. The Parties believe that it will be more efficient and economical to wait until after this Court rules on Adobe's Motion to Dismiss before they discuss and exchange their Initial Disclosures. The proposed schedule below reflects the need to have that exchange following the Court's decision on Adobe's Rule 12(b)(6) Motion.

If this Court denies Adobe's Motion to Dismiss, the Parties have agreed to the following proposed discovery:

      (a)    Interrogatories:  maximum of 25 per side

      (b)    Document Request:  no maximum

      (c)    Requests for Admission:  no maximum

      (d)    Depositions:  maximum of 10 per side

The Parties believe that they can abide by the ten deposition limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A).  However, if one Party believes it needs to exceed that limit, it may move the Court to do so.  Similarly, if one Party is permitted to exceed that limit, the other Party expects that an equal number of depositions would be permitted by both sides.  If and when such discovery issues arise, the Parties will attempt to resolve them informally.  Both Parties believe that they will not need to propound additional interrogatories beyond the amount set forth in Federal Rule of Civil Procedure 33(a).

If this Court denies Adobe's Motion to Dismiss, the Parties propose that the Court approve the following proposed Case Management Schedule:

Discovery Cut-Off (Fact Discovery) --------------------------------------------February 3, 2003

Expert Witness Disclosures and FRCP 26(a)(2)(B) Reports Due ------------------------------------------------------------------------February 21, 2003

Rebuttal FRCP 26(a)(2)(B) Reports Due---------------------------------------March 21, 2003

Discovery Cut-Off (Experts)-----------------------------------------------------April 18, 2003

Last Day to File Dispositive Motions -------------------------------------------April 25, 2003

Last Day to Hear Dispositive Motions---------------------------------------------May 30,

2003

Joint Pre-Trial Statement Due ------------------------------------------------------June 13, 2003

Last Day to File Motions *in Limine* and/or

Evidentiary Objections ------------------------------------------------------------June 20, 2003

Last Day to File Responses to Motions *in Limine*

and/or Evidentiary Objections --------------------------------------------------------June 27, 2003

Pre-Trial Conference ---------------------------------------------------------------------July 7, 2003

Trial ----------------------------------------------------------------------------------------July 14, 2003

## TRIAL SCHEDULE

The Parties request that this matter be set for trial beginning July 14, 2003, as indicated above.

In the event that this matter proceeds to trial, the parties expect the trial testimony to last approximately 7-10 court days, exclusive of *voir dire*, argument, motions, and other presentations outside the presence of the jury, and depending on the scope of testimony and the number of witnesses permitted by the Court.

Respectfully submitted,

Dated:  April 19, 2002                     CHARLES J. FERRERA

By: _____/s/_____
Charles J. Ferrera
Attorney for Plaintiff
BROOKHAVEN TYPESETTING SERVICES, INC.

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**
**Case No. C-01-20812 RMW (E-File)**

| | |
|---|---|
| Dated: April 19, 2002 | KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP |
| | By: _____/s/_____<br>Kenneth E. Keller<br>Attorneys for Defendant<br>ADOBE SYSTEMS INCORPORATED |

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**
**Case No. C-01-20812 RMW (E-File)**

## CASE MANAGEMENT ORDER

The Joint Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the Parties are ordered to comply with this Order. In addition, the Court orders as follows:

Dated: _____, 2002

_____
THE HONORABLE RONALD M. WHYTE
UNITED STATES DISTRICT COURT JUDGE