Charles J. Ferrera (SBN 99656)
Attorney at Law
Dillingham Transportation Building
735 Bishop Street, Suite 401
Honolulu, Hawaii 96813
Telephone:  (808) 599-5220
Facsimile:   (808) 528-7289

Attorney for Plaintiff

Kenneth E. Keller (SBN 71450)
Christopher T. Holland (SBN 164053)
Karen M. Burton (SBN 184239)
Ingrid Leverett (SBN 148813)
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Street, 7th Floor
San Francisco, CA  94104
Telephone:  (415) 249-8330
Facsimile:  (415) 249-8333

Attorneys for Defendant
ADOBE SYSTEMS INCORPORATED

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROOKHAVEN TYPESETTING SERVICES, INC., <br><br>     Plaintiff, <br><br> v. <br><br> ADOBE SYSTEMS INCORPORATED, <br><br>     Defendant. | Case No.: C-01-20813-RMW (HRL) <br><br> **STIPULATION AND PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF INFORMATION AND ADDENDUM TO PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED by the parties to this action by and through

their respective counsel of record, that this Stipulation and Protective Order be entered subject to

the approval of the Court, as follows:

-1-

1     **1.**     <u>**Applicability of Order**</u>

2     Any material or information produced by any party or non-party ("Designating Party")

3 during the course of discovery in this action may be designated by such Designating Party as (1)

4 CONFIDENTIAL, or (2) ATTORNEYS' EYES ONLY, if it satisfies the criteria set forth below.

5 Collectively, CONFIDENTIAL and ATTORNEYS' EYES ONLY material will be referred to

6 herein as "Protected Information."  Absent a specific order by this Court, Protected Information

7 shall be used by the parties solely in connection with this litigation, and not for any business or

8 competitive purpose or function.  Such Protected Information shall not be disclosed to anyone

9 unless and until the conditions of this Protective Order are met.

10     **(a)**     <u>**CONFIDENTIAL Material**</u>

11     "CONFIDENTIAL" Material, as used herein, means any and all written materials, writings,

12 documents, tangible items, sworn testimony, and any related information, as those terms are

13 defined by Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34, and that: (1)

14 have been produced by the parties or any non-party in this action; (2) the Designating Party

15 reasonably believes that the information embodies sensitive, competitive, proprietary, or other

16 confidential information, which is not readily available to competitors, potential competitors and/or

17 other non-parties; and (3) have been properly designated as CONFIDENTIAL Material.  See
Addendum to Protective Order

18     **(b)**     <u>**ATTORNEYS' EYES ONLY Material.**</u>

19     A party may designate CONFIDENTIAL Material as "ATTORNEYS' EYES ONLY"

20 material if: (1) the party or non-party making such designation reasonably believes that such

21 information satisfies the criteria for designating such information as CONFIDENTIAL pursuant to

22 section 1(a) above; and (2) the party or non-party reasonably believes the confidentiality of such

23 information cannot be adequately maintained so as to protect the reasonable interests of the party

24 or non-party in maintaining their confidentiality unless the disclosure of such information is

25 limited to the persons to whom ATTORNEYS' EYES ONLY information may be disclosed,

26 pursuant to this Stipulation and Order.  By way of example, such ATTORNEYS' EYES ONLY

27 material might include  documents, information or other materials which the Designating Party

-2-

28

reasonably believes to constitute highly confidential business or proprietary information, such as trade secrets, new product development, proprietary engineering information (not available to the public), development agreements, and/or other agreements with non-parties. See Addendum to Protective Order

**2.** **Designation and Handling of Designated Materials**

     **(a)** **Timing**

A party, or a stipulating non-party producing Protected Information in accordance with Section 9, below, shall label or mark documents and things deemed to be Protected Information with an appropriate legend, such as "CONFIDENTIAL Subject to Protective Order" or "ATTORNEYS' EYES ONLY Subject to Protective Order."  Unless otherwise agreed between counsel for the parties or otherwise permitted by the Court, the designation of CONFIDENTIAL or  ATTORNEYS' EYES ONLY  material shall be made at the following times:

    (i)    For documents or tangible items, at the time of production of such documents or tangible items;

    (ii)    For declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first;

    (iii)    For testimony, either (a) on the record at the time that such testimony is given, or (b) by notifying the other party in writing, within 14 days of receipt of the transcript, of the specific pages and lines of the transcript which contain CONFIDENTIAL or ATTORNEYS' EYES ONLY material.  All transcripts of hearings, depositions, trial testimony, or other testimony, regardless of whether a designation of confidentiality was made on the record, shall be treated as containing ATTORNEYS' EYES ONLY material and subject to this Protective Order until a time fourteen (14) days after the transcript is received. After such fourteen (14) day period has expired and in the absence of any written notice concerning the specific portions of the transcript that the producing party believes contains CONFIDENTIAL or ATTORNEYS' EYES ONLY material, the transcript shall be treated as designated on the record at the time of the testimony, or

-3-

1   if no such designations were made, then the transcript shall be treated as a non-
2   confidential document.

3   **(b)**   **Correcting Designations.**

4   To the extent that a party or non-party does not timely designate information as
5   "CONFIDENTIAL Subject to Protective Order" or "ATTORNEYS' EYES ONLY Subject to
6   Protective Order," such party or non-party may so designate information only by stipulation or
7   upon a properly noticed motion granted by the Court.  Once such a motion is filed, the information
8   covered by the motion shall be treated as ATTORNEYS' EYES ONLY
9   during the pendency of the motion, and the information covered by the motion shall not be
10   disclosed or further disclosed except as provided by this Protective Order.

11   **(c)**   **Manner of Designation.**

12   The designation of Protected Information shall be made in the following manner:

13   (i)   In the case of multiple page documents, each and every page of the document
14   deemed to be CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be so
15   designated by a legend on each such page; a single legend on the first page of a
16   multiple page document will not be deemed to designate the entire document as per
17   the legend;

18   (ii)   For tangible items,  it is a sufficient designation for this purpose that the tangible
19   object or the container thereof bear a written label marked "CONFIDENTIAL
20   Subject to Protective Order" or "ATTORNEYS' EYES ONLY Subject to Protective
21   Order," or if such notations are not practicable, as otherwise agreed by the parties;

22   (iii)   For declarations, written discovery responses, or court filings (See Paragraph 12(a)(v))
23   by placing the notation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" both
24   on the face of such document and on any particular designated pages of such document;

25   (iv)   For deposition testimony, (1) by designating such testimony as being
26   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" within the time periods
27   allowed pursuant to section 2(a)(iii) above, and (b) by requesting that the court
-4-
28

reporter place the notation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page of the transcript so designated, which transcript shall be separately bound and conspicuously marked on its cover **"This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."**

**(d)**   **Storage of ATTORNEYS' EYES ONLY Material.**

Items or information designated as ATTORNEYS' EYES ONLY may not be stored or viewed at a party's business location (excluding the party that designates the material).

**3.**   **Handling Information Produced on Magnetic Media, Including Computer Source Code**.

To the extent that a party or non-party is required or agrees to produce a magnetic version of any information, including computer source code, all issues of production, inspection, and examination shall be governed by the restrictions of this Protective Order and also by the separate stipulation between the parties that will set forth the detailed protocol for and conditions of the simultaneous production and examination of the parties' respective source codes.  Once the parties agree on the terms and conditions for their simultaneous production and examination of each party's source code, the parties will submit a further stipulation to this Court for approval.

**4.**   **Resolution of Disputes Regarding Designation.**

If counsel of record for the receiving party at any time objects to the designation or continued treatment of certain information as CONFIDENTIAL or ATTORNEYS' EYES ONLY by the Designating Party, and wishes to have that designation removed or changed, that party shall first request in writing that the Designating Party or non-party remove its designation.  If the dispute regarding the designation cannot be resolved amicably, then it shall be the responsibility of the receiving party to move the Court for an order requiring redesignation of the information in dispute; provided, however, that on any such motion, the Designating Party shall always have the burden of establishing that the information produced is CONFIDENTIAL or ATTORNEYS' EYES ONLY.  If any such motion is filed, the parties shall treat the information as originally

-5-

1   designated until the motion is decided by the Court or the dispute is otherwise resolved by the

2   parties.

3        **5.**       **Permissible Disclosures of CONFIDENTIAL Material.**

4        CONFIDENTIAL material shall be treated by each receiving party as Protected

5   Information unless and until the Court rules to the contrary or the Designating Party agrees

6   otherwise in writing.  Unless and until the Court rules or the Designating Party otherwise agrees,

7   access to or disclosure of CONFIDENTIAL material shall be limited to:

8        (a)     The Court and those employed by the Court, in which event such information shall

9                  be filed under seal (and kept under seal until further order of the Court);

10       (b)     The parties' outside attorneys of record, associated attorneys within the parties'

11                 respective outside law firms, and  such attorneys' support staff, legal assistants and

12                 clerical personnel as necessary in connection with the reasonable prosecution or

13                 defense of this action; provided, however, that no disclosure of CONFIDENTIAL

14                 material shall be made to such persons unless and until one representative of

15                 counsel of record law firm has signed a copy of the attached "Acknowledgement

16                 and Agreement to be Bound," attached hereto as Exhibit A, indicating that all

17                 counsel of record, support staff, legal assistants and clerical personnel within that

18                 firm agree to abide by its terms.  The original Acknowledgment and Agreement to

19                 be Bound shall be maintained by the party originating the signing.

20       (c)     Reasonably necessary non-party support services including, but not limited to,

21                 outside copying services, outside court reporting services and/or court reporters,  as

22                 may be reasonably necessary in connection with the preparation of conduct of this

23                 litigation.;

24       (d)     The parties to this action, including their directors, officers, and employees who

25                 have a need to review that information for this litigation and who agree to use the

26                 information only for the purposes of this litigation; provided, however, that no

27                 disclosure of CONFIDENTIAL material shall be made to any party in this action

28

-6-

1  unless and until one representative of each party has signed a copy of the

2  Acknowledgment and Agreement to be Bound, attached hereto as Exhibit A,

3  indicating that all parties, including their directors, officers, and employees agree to

4  abide by its terms.  The original Acknowledgment and Agreement to be Bound shall

5  be maintained by the counsel originating the signing;

6  (e)  Reasonably necessary trial support services, including, but not limited to persons

7  who have been retained by a party or counsel of record in this litigation for purposes

8  of assisting in the preparation of this litigation such as independent accountants,

9  statisticians, economists, technical consultants, jury consultants, graphic artists or

10  other technical experts, who have agreed to comply with and be bound by this Order

11  by signing the "Independent Consultant Acknowledgment and Agreement to be

12  Bound," attached hereto as Exhibit B,  and who have been qualified, if necessary, in

13  accordance with paragraph 7 below;

14  (f)  Persons who were the authors or addressees, or who have outside of the litigation

15  received copies of the particular document or information;

16  (g)  Any other person(s), (1) with the written consent of the opposing party and who,

17  before receiving materials protected by this Order, signs the Acknowledgment and

18  Agreement to be Bound in the form of Exhibit A attached hereto, or (2) with leave

19  of Court presiding over this action.  No party shall refuse to consent to the

20  disclosure of documents protected by this Order to a person to whom the documents

21  sought to be disclosed previously had been disclosed under circumstances that did

22  not violate this Protective Order or any other obligation of confidentiality or

23  provision of law.

24  **6.  Permissible Disclosures of ATTORNEYS' EYES ONLY Material.**

25  Protected Information designated ATTORNEYS' EYES ONLY, or copies or extracts

26  therefrom, and summaries and compilations thereof, and the information therein, may be given,

27  shown, made available to, or communicated in any way only to the individuals in sub-paragraphs

-7-

28

5(a), (b), (c), (e), and (f), but shall not under any circumstances be given, shown, made available to, or communicated in any way to the individuals identified in sub-paragraph 5(d), except for one designated in-house counsel who will not have any access to ATTORNEYS' EYES ONLY material containing future business plans.  Counsel desiring to qualify a person or persons identified in sub-paragraph 5(e) to receive Protected Information designated ATTORNEYS' EYES ONLY shall qualify them in accordance with paragraph 7 below.

**7.    Disclosure to Independent Consultants.**

A person or persons entitled in sub-paragraph 5(e) to receive Protected Information shall first execute an Acknowledgment and Agreement to be Bound,  in the form attached hereto as Exhibit B, (1) indicating that they agree to be bound by the terms of this Protective Order, and (2) certifying that they do not currently perform any work, directly or indirectly, for any competitor of Brookhaven Typesetting Services or Adobe Systems Incorporated.

**8.    Use and Return of Protected Information by Experts and Consultants.**

After disclosure of any CONFIDENTIAL or ATTORNEYS' EYES ONLY information to any expert or consultant, such expert or consultant may retain copies of such Protected Information so disclosed, provided that such expert or consultant subsequently returns any and all copies of such CONFIDENTIAL or ATTORNEYS' EYES ONLY information to that person making such disclosure promptly upon the termination of their engagement or in compliance with the provisions of Section 12(b) below, whichever occurs sooner.

**9.    Stipulating Non-Parties.**

Any third party that chooses to stipulate to the terms of this Protective Order by executing Exhibit A attached hereto (a "stipulating non-party") shall thereby obtain the benefits, rights, and protection of a Designating Party under this Protective Order, regardless of whether the Protective Order is amended to add the non-party.  Such a stipulating non-party must comply with all terms of this Protective Order and shall have standing under this Protective Order to bring a claim for violation of its terms against the parties and any person who signed an undertaking as provided by this Protective Order.

-8-

**10.    Depositions**

If testimony designated as Protected Information is elicited during a deposition, persons who are not entitled to receive such information under the terms of this Protective Order shall be excluded from the deposition.  Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as Protected Information on the record at the deposition shall have fourteen (14) days following receipt of the transcript from the court reporter in which to do so, as described above in sections 2(a)(iii) and 2(c)(iv).  Such correction and notice thereof shall be made in writing to the court reporter, with copies to all other counsel, designating the portion(s) of the transcript that constitute Protected Information, in accordance with sections 2(a)(iii) and 2(c)(iv) above.  Until expiration of the aforesaid fourteen (14) day period, all deposition transcripts shall be considered and treated as ATTORNEYS' EYES ONLY material, unless otherwise agreed on the record at the deposition.

**11.    Disclosure During Testimony**

Notwithstanding the limitations set forth in paragraphs 5 and 6 above, Protected Information may be shown by counsel for the receiving party, during testimony taken at depositions or trial, to a witness if:

(a)    The witness is a signatory, author, addressee or recipient of a copy of the designated material;

(b)    The witness is a current officer, director or employee of a party and the designated material has been designated by that party;

(c)    The witness is a current officer, director or employee of a party or other witness designated by a party pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the designated material has been designated by that party; or

(d)    The witness may otherwise be shown the Protected Information under the terms of this Protective Order.

**12.    Use and Return of Protected Information**

**(a)    Use of Protected Information in the Conduct of this Action**

-9-

(i)     All CONFIDENTIAL or ATTORNEYS' EYES ONLY material produced in accordance with the provisions of this Protective Order shall be utilized solely and exclusively for the reasonable prosecution or defense of this action and may not be used in connection with any other litigation, actual or contemplated, or for any other purpose whatsoever, absent agreement by the parties or an order of this Court to the contrary.

(ii)    Protected Information belonging to a Designating Party shall not be made public by the receiving party or divulged to anyone other than the persons permitted access as set forth in this Protective Order.  No Protected Information shall be reproduced or used except in connection with this litigation.

(iii)   Notwithstanding the parties' designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, any court hearing that refers to or describes such Protected Information may be held in open court with records unsealed unless either party requests and the Court orders that the proceeding be conducted in camera or out of the presence of all unqualified persons or that any transcript relating thereto be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and prepared in accordance with the provisions of this Protective Order.

(iv)    A disclosing party who elects to offer a document at trial, whether to a judge or to a jury, shall not be precluded from doing so by virtue of the fact that the document was designated ATTORNEYS EYES ONLY or CONFIDENTIAL during discovery.

(iv)    Pleadings, memoranda, and supporting documentation concerning motions are presumptively public records.  Any party seeking to file pleadings or other documents that contain any other party's or non-party's CONFIDENTIAL or ATTORNEYS' EYES ONLY information may do so only if: (1) reasonably necessary to the motion; and, (2) such pleadings or other documents are filed according to the provisions set forth in the following paragraph.

-10-

(v)     No application, motion or other document containing CONFIDENTIAL or

ATTORNEYS' EYES ONLY material may be filed with the Court except as

permitted under Civil Local Rule 79-5 and pursuant to the procedures set forth

therein.  In addition, when filing an application, motion or other document under

seal pursuant to Civil Local Rule 79-5, the party shall file a redacted public version

of the application, motion or other document along with an un-redacted, sealed

version.  See Addendum to Protective Order.

(vi)    All documents containing CONFIDENTIAL or ATTORNEYS' EYES ONLY

material shall be served and filed in accordance with the provisions of the Federal

Rules of Civil Procedure and applicable local rules, not electronically.  However, a

notice of manual filing shall be filed electronically pursuant to section VII of

General Order No. 45.

**(b)     Return of Protected Information.**

Upon written request after the final conclusion of this action, counsel for all parties shall:

(h)     Upon final termination of this action, including all appeals, the receiving party (but

not its outside counsel) shall destroy, in whatever form stored or reproduced, all

physical objects and documents that have been designated as CONFIDENTIAL or

ATTORNEYS' EYES ONLY, and all correspondence, memoranda and notes that

contain excerpts from any CONFIDENTIAL or ATTORNEYS' EYES ONLY

materials.  The receiving party is not required to destroy any pleadings, deposition

transcripts, or other materials filed with the Court; any attorney-client

communications; or any other attorney work-product materials.  Such party shall

certify to the Designating Party's attorney of record that it has made reasonable and

good faith efforts to destroy such physical objects and documents, and that such

physical objects and documents have been destroyed to the best of its knowledge.

The attorneys for each party shall be entitled to retain copies of the pleadings,

motion papers, discovery responses, deposition transcripts, correspondence, legal

-11-

memoranda, and work product developed in connection with this action, but shall destroy any and all production documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY material, and all copies in their possession, custody and control.  The attorneys for each party shall certify to the Designating Party's attorney of record that it has made reasonable and good faith efforts to destroy CONFIDENTIAL or ATTORNEYS' EYES ONLY production documents, and that such documents have been destroyed to the best of its knowledge.  Notwithstanding the foregoing, each party shall be permitted to keep and maintain an index of physical objects and documents produced by adverse parties during the litigation. All CONFIDENTIAL or ATTORNEYS' EYES ONLY material not embodied in physical objects and documents shall remain subject to this Order.

(ii)  Upon final termination of this action, including all appeals, counsel for all parties shall ensure that all Protected Information in the possession, custody or control of their experts and consultants (or anyone else to whom the information has been provided by counsel) is returned to the disclosing party or its attorneys of record.

**13.   Public Documents**

None of the restrictions set forth in this Stipulation and Order shall apply to any documents or other information that become public knowledge by means not in violation of the provisions of this Stipulation and Order.  Nothing in this Stipulation and Order shall prevent a party from using any information that the party properly possessed prior to receipt of any CONFIDENTIAL or ATTORNEYS' EYES ONLY material from the other party or a non-party, or that the party at any time discovered independently from sources other than the opposing party.  The parties reserve the right to seek a determination by the Court that any such information be designated as Protected Information and returned to the moving party; provided, however, that the party seeking to have such information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY material shall have the burden of proving that such particular Protected Information is properly designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If the receiving party receives information

-12-

1  from the Designating Party which it believes is public information and therefore not subject to the

2  restrictions set forth in this Stipulation and Order, the receiving party may seek to have the

3  designation of any particular Protected Information removed or changed pursuant to paragraph 4,

4  above.

5  **14.   No Probative Value**

6  This Stipulation and Order shall not enhance or diminish any contractual, statutory or other

7  legal obligation or right of any party or person with respect to any CONFIDENTIAL or

8  ATTORNEYS' EYES ONLY material.  The fact that information is designated as Protected

9  Information under this Stipulation and Order shall not be deemed to be determinative of what a

10  trier of fact may determine to be confidential or proprietary.  This Stipulation and Order shall be

11  without prejudice to the right of any party to argue before the Court: (1) whether any particular

12  information or material is, or is not, confidential; and/or (2) whether any particular information or

13  material is, or is not, entitled to a greater or lesser degree of protection under the terms of this

14  Stipulation and Order, provided that in so doing, the party complies with the procedures set forth

15  herein.  The fact that any information has been designated "CONFIDENTIAL" or "ATTORNEYS'

16  EYES ONLY" shall not be offered in any action or proceeding before any court, agency or tribunal

17  as evidence of or concerning whether such information is admissible, confidential or proprietary.

18  **15.   Inadvertent Disclosure of Privileged Information**

19  Inadvertent disclosure of any document or other information covered by the attorney-client

20  privilege, work-product or other applicable privileges during discovery in this matter, or

21  inadvertent disclosure of confidential information without appropriate designation, shall be without

22  prejudice to any claim that such document or other information is privileged or confidential.  Upon

23  receiving notice from the Designating Party that materials have been inadvertently produced, the

24  receiving party shall promptly return the materials.  Such return shall not be deemed an admission

25  or concession regarding any claimed privilege or protection.

26  **16.   No Implied Waiver or Admission**

27  No party shall be obligated to challenge the proprietary of any designation of

-13-

28

1   CONFIDENTIAL or ATTORNEYS' EYES ONLY material by another party or person, and the

2   failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the

3   designation.  Similarly, a good faith, inadvertent failure to timely make any designation of

4   Protected Information by any party shall not constitute a waiver or otherwise preclude a subsequent

5   designation pursuant to the stipulation and motion procedures provided in Sections 2 and 4, above.

6          **17.      Subpoena by Other Courts or Agencies**

7          If a third party, another court or an administrative agency subpoenas or orders production

8   of documents or information designated as Protected Information which a party to this action has

9   obtained under the terms of this Protective Order, the party from whom such documents are sought

10  shall advise the party, court or agency seeking the documents of the restrictions of this Protective

11  Order and promptly notify the party or third party who designated the material at issue of the

12  pendency of such subpoena or order.  It shall be the responsibility of the party making such

13  designation to file any necessary requests for protective orders or other papers with the court or agency

14  wherein disclosure is sought; provided, however, that the party from whom such disclosures are sought

15  shall cooperate at all times with the Designating Party in its efforts to prevent the disclosure.

16

17         **18.      No Waiver of Discovery Rights.**

18         Nothing in this Protective Order shall be construed as a waiver of the right of any party to

19  object to the taking, or the admissibility, of any testimony or other evidence where such objection

20  is based on a ground or grounds other than that the testimony or evidence involves Protected

21  Information.

22         **19.      Exclusions**

23         Notwithstanding any provision of this Protective Order to the contrary, the confidentiality

24  obligations of this Protective Order shall not apply or shall cease to apply to any information that:

25         (a)     At the time of disclosure hereunder, was already in the public domain by

26                 publication or otherwise;

27         (b)     Since the time of disclosure hereunder, has become, through no act or failure on the

28

-14-

part of the receiving party, part of the public domain by publication or otherwise;

(c)    At the time of disclosure, was already in the possession of the receiving party and was not acquired directly or indirectly from the Designating Party or from any third party under obligation of confidence to the Designating Party;

(d)    After disclosure hereunder, was acquired by the receiving party from a third party lawfully possessing the same and having no obligation of confidence to the producing party hereunder; or that

(e)    The disclosing party agrees may be disclosed to a third party under no obligation of confidentiality.

The party claiming that it is relieved of the obligations of this Protective Order shall have the burden of proving that any of said provisions apply.

**20.    <u>Non-Termination</u>**

The restrictions on use of Protected Information set forth in this Protective Order shall survive the conclusion of this litigation.

**21.    <u>Modification</u>**

Any party or the parties may jointly seek an order from the Court to modify the terms of this Stipulation and Order.  Any application or motion seeking such a modification must be served and filed in accordance with local court rules.  The Court shall retain jurisdiction to enforce or modify this Order.

-15-

1

Respectfully submitted,

2

3   Dated:                          By:  _____/s/_____

4                                        CHARLES J. FERRERA
                                         Attorney for Plaintiff
5                                        BROOKHAVEN TYPESETTING SERVICES

6

7                                        KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

8

9   Dated:                          By:  _____/s/_____

10                                       KENNETH E. KELLER
                                         Attorneys for Defendant
11                                       ADOBE SYSTEMS INCORPORATED

12

13      **GOOD CAUSE APPEARING,**

14      **IT IS SO ORDERED.**

15  Dated: 8/16/02 _____        /s/Howard R. Lloyd
                                        _____
16                                       HOWARD R. LLOYD
                                         UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

-16-

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

UNDERTAKING OF _____

I, _____ declare:

1.      My address is _____.  My
present occupation is _____

2.      I have received a copy of the Protective Order in Brookhaven Typesetting
Services, Inc. v. Adobe Systems, Inc., Case # 01-20813 RMW.  I have carefully read and understand
the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order. I will hold
in confidence, will not disclose to anyone other than those persons specifically authorized by the
Protective Order, and will not copy or use except for purposes of this action any information
designated either "CONFIDENTIAL Subject to Protective Order" or "CONFIDENTIAL
ATTORNEYS" EYES ONLY Subject to Protective Order" which I receive in this action.

4.  I further agree to submit to the jurisdiction of the United States District Court for the Northern
District of California for the purpose of enforcing this Protective Order.

Executed this _____ day of _____, 2002 at
_____.

I declare under penalty of perjury that the foregoing is true and correct.

_____

**EXHIBIT B**

**INDEPENDENT CONSULTANT AND EXPERT
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

UNDERTAKING OF _____

I, _____ declare:

1.      My address is _____.  My present occupation is _____

2.      I do not presently work, directly or indirectly, for any competitor of Brookhaven Typesetting Services or Adobe Systems Incorporated.

3.      I have received a copy of the Protective Order in Brookhaven Typesetting Services, Inc. v. Adobe Systems, Inc, Case # 01-20813 RMW.  I have carefully read and understand the provisions of the Protective Order.

4.      I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this action any information designated either "CONFIDENTIAL Subject to Protective Order" or "CONFIDENTIAL ATTORNEYS" EYES ONLY Subject to Protective Order"" which I receive in this action.

5.  I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing this Protective Order.

Executed this _____ day of _____, 2002 at _____.

I declare under penalty of perjury that the foregoing is true and correct.


_____

# ADDENDUM TO PROTECTIVE ORDER
### Brookhaven Typesetting Services, Inc. v. Adobe Systems, Inc.,
### Case No. 01-20813 RMW

IT IS HEREBY ORDERED as follows:


DESIGNATION OF DOCUMENTS

Before designating any specific information "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the designating party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.

Counsel are cautioned the over-designation of documents may result in sanctions. The filing of documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" puts an additional burden on the Court. Often the party filing the document is not the designating party. In that situation, the party does not have the option to unilaterally de-designate the documents before submitting them to the Court, and has no choice but to request they be filed under seal. Over-designating documents can thus result in unnecessary work for the Court in sorting the documents that deserve sealing form those that do not, as well as additional work for the parties who must then re-file public versions of the non-confidential documents. The best way to avoid this result is for counsel to use best efforts to make appropriate designations at the outset, and to promptly de-designate a document when it comes to counsel's attention that the document is over-designated.


REQUESTS TO FILE DOCUMENTS UNDER SEAL

Any party wishing to file under seal any document(s) designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall lodge the document(s) along with a Request for Sealing pursuant to Civil Local Rule 79-5. The document(s) shall be submitted in an appropriate envelope labeled with the case name and number and the title of the document(s). Unless otherwise ordered by the Court, WITHIN TEN (10) DAYS AFTER ANY REQUEST FOR SEALING IS FILED, any party claiming confidentiality for the information for which sealing is requested shall serve and file declaration(s) from competent witnesses setting forth specific facts demonstrating that sealing is warranted under Rule 26(c). The parties are cautioned that "Broad allegations of harm,

unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992) (*quoting Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir.1986)).  Further, the factual showing must address separately each portion of the materials that the party contends warrants protection.  *See* Civil Local Rule 79-5 and commentary thereto.

**THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

Charles J. Ferrera          chuckferrera@lava.net

Christopher T. Holland      cholland@kksrr.com

Kenneth E. Keller          kkeller@kksrr.com

Dated:  8/16/02

CHAMBERS OF MAGISTRATE JUDGE HOWARD R. LLOYD

By:_____/s/Leanna M. Anderson_____