**CHARLES J. FERRERA**
Attorney At Law

735 BISHOP STREET, SUITE 401 • HONOLULU, HAWAII 96813 • PHONE (808) 599-5220 • FACSIMILE (808) 528-7289

August 28, 2002

# VIA FACSIMILE NO. (415) 249-8333

Christopher T. Holland, Esq.
Krieg, Keller, Sloan, Reilley & Roman
114 Sansome Street, 7th Floor
San Francisco, CA 94104

   Re: Brookhaven v. Adobe
     Case No. C01-20813 RMW HRL

Dear Mr. Holland:

  Your proposal regarding the viewing of source code is unacceptable. We propose the following. The Joint Case Management Conference will go forward with Judge Whyte on September 13, 2002, and I am going to propose the following case plan.

1. Parties to comply with Rule 26 disclosure requirements by September 27, 2002.

2. Parties may begin to conduct discovery including requests for answers to interrogatories, requests for production of documents and admissions, immediately.

3. Plaintiff may take one or more 30(b)(6) depositions of the person(s) most knowledgeable concerning the architecture of the program and other issues to be specified. A deposition or depositions of this type is necessary because of the massive and complex nature of the software.

4. Parties shall negotiate in good faith the protocol for turning over and maintaining the copies of the source code. Recognizing the confidential nature of the source code, the protocol should include additional and stringent protections including password protection, keeping copies under lock and key, except when in use, not allowing the source code to be stored on a computer disk drive that is accessible from a network, not allowing the source code to be stored on a computer file server, etc. If by October 15, 2002, the parties cannot come to an agreement on the protocol

Christopher T. Holland, Esq.
August 28, 2002
Page 2

    and protections under which the copies of the source code shall be turned over, the parties shall bring the issue before Magistrate Judge Lloyd.

5. Parties to produce five copies of each source code to the opposing party. With respect to the Defendant's source code, the term "source code" shall include all versions of InDesign and InCopy, both marketed and developmental, specifically including, but not limited to, K-2, Anna and Shuksan, as requested in Plaintiff's First Request for Production of Documents. Defendant shall clearly mark each copy of each version of the source code, indicating the version and/or developmental name (e.g. Shuksan) and its approximate date. The parties will take possession of the copies of the opposing party's source code and will maintain possession of the copies for the duration of the litigation. (A set of five copies of each source code is necessary because Plaintiff has retained three expert witnesses, each of whom needs copies. Plaintiff's attorney would like to retain a copy so that discussions with experts may be had. An additional copy is necessary in the event that another expert is retained.)

6. The parties' expert witnesses' curriculum vitae will be produced prior to viewing.

Please call me if you have any questions or comments. Thank you.

Very truly yours,

CHARLES J. FERRERA

CJF/mlb